THIBODEAUX, Judge,
concurring.
I concur in the result reached by the trial court and affirmed by the majority. However, my ultimate decision to deny benefits to this workers’ compensation claimant is based on grounds other than those articulated by the majority.
The claimant, in my view, proved an identifiable event even though she could not pinpoint a specific event. Given the nature of her work as a hotel room attendant, the repetitive character of her duties made it extremely difficult to identify an occurrence with the degree of specificity required by the majority. The majority does an injustice to the usual and correct liberal interpretation generally given to what constitutes an “accident” under our workers’ compensation laws. See, Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). The claimant identified with sufficient particularity facts which show an accident. Because she cannot iden *623 tify a singular incident should not be viewed as a failure to prove an accident.
The real problem in this case is the claimant’s inability to connect her injury to an incident which she described as occurring on February 16, 1990. For whatever reasons, she did not report an injury-producing incident to her employer until four months after the accident nor did she convey a job-related injury to her treating physician. Unfortunately, under these circumstances, there is simply a lack of corroborating evidence to support the claimant’s claim of an injury. Despite the liberal construction given to our workers’ compensation law, an injured worker must nonetheless still establish an injury by a preponderance of the evidence. Bruno, supra. This she failed to do.